# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIXON A. CABRERA,**

      **Plaintiff,**

    **-vs-**                                                                                                  **Case No. 6:10-cv-241-Orl-28GJK**

**ROSELEA INTERNATIONAL SERVICES,**
**INCORPORATED and ROSEMARIE A.E.**
**MORRIS,**

      **Defendants.**

_____

# REPORT AND RECOMMENDATION[1]

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DEFENDANTS' OFFER OF JUDGMENT AND PLAINTIFF'S ACCEPTANCE OF OFFER OF JUDGMENT (Doc. No. 37)** |
| **FILED:** | **August 24, 2011** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

---

[1] On September 15, 2011, this Court initially entered a report and recommendation, recommending that the Court deny Plaintiff's motion to for entry of judgment. Doc. No. 39. Plaintiff filed objections and provided supplemental information supporting the entry of a judgment. Doc. Nos. 40-42. On November 30, 2011, the District Court returned the matter to the undersigned. After further review, the undersigned enters this report and recommendation and, as set forth below, the Clerk is directed to terminate the September 15, 2011, report and recommendation (Doc. No. 39).

**I. INTRODUCTION**

This suit arises out of a complaint filed by Plaintiff, Dixon A. Cabrera, for unpaid wages pursuant to 29 U.S.C. § 201, the Fair Labor Standards Act ("FLSA"). Doc. No. 1. Plaintiff alleges that he was employed by Defendant, Roselea International Services, Inc. (hereafter "Roselea International"), and that it failed to pay him "one and one-half times the regular rate at which he was employed" for the weeks from February 3, 2008, through January 11, 2010, that he worked over forty hours per week. Doc. No. 1 at 3, ¶ 12. On March 18, 2010, Defendant, Rosemarie A.E. Morris (hereafter "Morris") answered. Doc. No. 6. On May 28, 2010, Roselea International filed a suggestion of bankruptcy. Doc. No. 11. On June 8, 2010, the Court stayed the case as to Roselea International. Doc. No. 14. The stay was lifted on August 11, 2011. Doc. No. 34.

On August 23, 2011, Defendants served Plaintiff with an offer of judgment in the amount of $15,000 "in total satisfaction of all of Plaintiff's claims against Defendants." Doc. No. 37-1 at 1. On August 24, 2011, Plaintiff moved for an entry of judgment against Defendants (hereafter "Motion") after accepting their offer of judgment. Doc. Nos. 37, 37-2. Plaintiff requests a judgment be entered against Defendants for $15,000 with $5,750 allocated to Plaintiff for unpaid wages and $9,250 allocated for attorney's fees and costs. Doc No. 37 at 1.

On September 15, 2011, this Court recommended the Motion be denied without prejudice because Plaintiff did not provide this Court with a basis to "determine whether the offer of judgment agreed to by Plaintiff is fair and reasonable." Doc. No. 39 at 7. This Court also

recommended the Motion be denied because "Plaintiff's counsel provides no justification for the current request for $9,250 in attorney's fees and costs." Doc. No. 39 at 8. On September 29, 2011, Plaintiff objected to the report and recommendation and attached an affidavit from his counsel, L. Todd Budgen, Esq., along with Mr. Budgen's detailed time records and invoices reflecting the time and costs expended on Plaintiff's behalf. Doc. No. 40.

In his objections to the report and recommendation, Plaintiff indicates that the parties had a bona fide dispute concerning Defendant's violation of the FLSA, with Defendant steadfastly asserting it has not violated the FLSA. Doc. No. 40 at 1. Plaintiff also indicates that when the parties engaged in settlement negotiations, each party formulated offers based on their own independent calculations. Doc. No. 40 at 1-2. Plaintiff represents that "[a]fter a candid discussion, and a review of the relevant facts and evidence including consideration that there were serious collectability issues, the Parties agreed to resolve this matter for $15,000.00 inclusive." Doc. No. 40 at 2. Plaintiff also indicates that the allocation of monies received from the offer of judgment has changed as follows: $5,750.00 to Plaintiff for damages; $8,051.75 in attorney's fees; and $1,198.25 in costs. Doc. No. 40 at 4.

On September 30, 2011, Plaintiff filed an affidavit averring that he "authorized my attorney to accept $5,750.00, representing unpaid overtime wages, $8,051.75, representing attorney's fees and $1,198.25, for costs for a total of $15,000.00 as full and final settlement of this matter." Doc. No. 41-1 at 1-2, ¶ 6. After receiving Plaintiff's objections and supporting affidavits, the District Court returned the matter to the undersigned to determine whether the original report and recommendation should be amended. Doc. No. 43.

**II. JUDICIAL REVIEW OF FLSA SETTLEMENT**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the probability of plaintiff's success on the merits;
>
> (5) the range of possible recovery; and
>
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[2]

In regards to attorney's fees in FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net . . . .")). In *Silva*, 307 Fed. Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no

---
[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

> conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.*[3]

In order for the Court to determine whether the proposed settlement is reasonable, counsel for the plaintiff must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* To establish the reasonableness of the fees and costs to be paid, counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus,

---
[3] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.

a potential conflict can arise between counsel and his client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed. Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009).

As the Court interprets the *Lynn's Foods* and *Silva* cases, when there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

Although this Court has couched its review in terms of a settlement agreement, it is equally applicable when an FLSA plaintiff settles his claim by way of accepting an offer of judgment. *See Baxter v. Automated Gate Sys., Inc.*, No. 6:09-cv-350-Orl-18GJK, 2010 WL 3730900 (M.D. Fla. Sept. 2, 2010) (analyzing the reasonableness of an FLSA settlement after plaintiff filed a motion for entry of judgment after accepting defendant's offer of judgment); *Mannino v. Anderson-Collins, Inc.*, 6:07-cv-1853-Orl-28GJK, 2008 WL 2857061 (M.D. Fla. July 22, 2008) (granting motion for entry of judgment after analyzing the reasonableness of defendants' joint offer of judgment); *Wong v. Affiliated Computer Servs., Inc.*, No. 6:07-cv-

---

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

7

1207-Orl-22DAB, 2008 WL 879374 (M.D. Fla. Mar. 28, 2008) (accepting a settlement of an FLSA claim by way of an offer of judgment as fair and reasonable).

## III. ANALYSIS

This case involves disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 7. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *See* Doc. Nos. 1, 7. The parties agreed to settle Plaintiff's claims in exchange for a release of all claims for a total sum of $15,000.00, representing $5,750.00 payable to Plaintiff for unpaid overtime wages, nothing for Plaintiff's liquidated damages, $8,051.75 payable to Plaintiff's counsel for attorneys' fees and $1,198.25 in costs. Doc. Nos. 40, 40-1, 40-2, 40-3; 41-1.

In his answers to the court interrogatories, Plaintiff claimed $12,824 in unpaid wages plus liquidated damages and attorney's fees and costs. Doc. No. 10-1 at 2. In light of Plaintiff's representation that he compromised his claim after recognizing "serious collectability issues" and his affidavit expressly authorizing the allocation of the settlement amounts, it is **RECOMMENDED** that the Court find Plaintiff's compromise and the total settlement amount to be reasonable.

Plaintiff allocates $8,051.75 to be paid to his attorney and $1,198.25 to be paid for costs. Plaintiff's counsel has supported the award of attorney's fees with an affidavit and detailed time sheets reflecting that Mr. Budgen expended twenty-five (25) hours at an hourly rate of $275.00; Jon D. Rankin expended two and a half (2.5) hours at an hourly rate of $105.00; and Becki Rodack spent twenty-seven and two-tenths (27.2) hours at an hourly rate of $95.00 for a total of $9,859.00. Doc. Nos. 40-1, 40-2. These hourly rates have previously been awarded. *See McGill*

*v. Pegasus Foods, Inc.*, 2010 WL 4449036 at *3 (M.D. Fla. Oct. 28, 2010). The Court has also reviewed the invoices supporting Plaintiff's counsel's reimbursement for service, deposition and mediation fees. Doc. No. 40-3. In light of Plaintiff's counsel's affidavit, time sheets, cost invoices and Plaintiff's affidavit agreeing to the amounts to be paid in attorney's fees and costs, it is **RECOMMENDED** that the Court find the hours, hourly rates and costs claimed to be reasonable.

Based on the foregoing, the undersigned:

1. **DIRECTS the Clerk** to terminate the undersigned's September 15, 2011, report and recommendation (Doc. No. 39);

2. **RECOMMENDS** that the Motion (Doc. No. 37) be **GRANTED** only to the extent the Court finds the offer of judgment to be fair and reasonable; and

3. **RECOMMENDS** that the Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite the final disposition of this case, if the parties have no objection to this report and recommendation they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on December 30, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties